IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT STEVEN ROOT,<br><br>Defendant. | 8:20CR142<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant's, Robert Steven Root's, motion for return of seized property, Filing No. 59, and motion for status, Filing No. 61. The United States responded with a brief opposing the motion to return property. Filing No. 62. For the reasons stated herein, the Court denies the motions.

Root pled guilty pursuant to a plea agreement to one count of conspiracy to distribute methamphetamine and was sentenced to a term of 144 months' incarceration and five years of supervised release. Filing No. 54 at 1–3. As part of his plea agreement, Root forfeited $111,399.00 which was seized on or about May 27, 2020. Filing No. 29 at 1. The $111,399 was the subject of a final order of forfeiture signed by this Court on March 31, 2021. Filing No. 39 at 1.

Root seeks the return of another amount, $3,752, which he contends is separate from the $111,399 and which was not subject to a forfeiture order in the present case. Filing No. 59 at 1. He alleges the $3,752 in cash was seized on his arrest on a separate occasion. Filing No. 29 at 1. Root contends that while the United States properly forfeited the $111,399, he is entitled to the $3,752 taken from his person. Filing No. 59 at 1. The United States responds that the defendant agreed among the terms of his plea agreement

1

to withdraw his claim to the $3,752 filed with the Drug Enforcement Administration and allow that agency to take it through administrative forfeiture. Filing No. 62 at 2.

The cited term in the plea agreement states:

In addition to the property included in the Indictment, the defendant also agrees to withdraw a claim that he filed with the Drug Enforcement Administration and allow the administrative forfeiture by the Drug Enforcement Administration of the $3,752 seized on June 14, 2019,[1] from Defendant.

Filing No. 29 at 1.

The plea agreement was conditionally accepted by the Court, pending the pre-sentence report, and Root pled guilty on December 28, 2020. Filing No. 26. Root moved to withdraw his plea before sentencing but withdrew that motion on October 25, 2021. Filing No. 46. The agreement was formally accepted on May 26, 2022, when the Court pronounced the sentence. Filing No. 53.

A person whose property has been seized by the United States may move for return of that property if the seizure is believed to be unlawful or if continued deprivation of the property is improper. Fed. R. Crim. P. 41(g). The person must establish entitlement to the property under the law, after which the burden shifts to the government to establish a legitimate reason to deny its return. *Jackson v. United States*, 526 F.3d 394, 396–97 (8th Cir. 2008) (citing *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001); *United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005)). A motion to return property should be denied if the defendant does not have a lawful right to the property or if the

---

[1] It is unclear if the year should be "2020" instead of "2019" since 2019 preceded Root's arrest in this case. However, even if it is an error, it would be immaterial to the present motion since the parties agree the $3,752 is what is at issue regardless of the date it was seized. Additionally, Root does not contest the validity of the plea agreement provision waiving his interest in the $3,752 because of any typographical errors or for any other reason.

2

property is subject to forfeiture. *Id.* at 397 (citing *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)). Root makes no reference in his motion to the agreed-upon withdrawal of his claim to the $3,752 in the plea agreement. *See* Filing No. 59. If that term is binding, however, Root has not established a lawful entitlement to the money.

Generally, plea agreements should be interpreted according to ordinary contract-law principles. *United States v. DeWitt*, 366 F.3d 667, 669 (8th Cir. 2004). The role of plea agreements in the criminal justice system also implicates the courts, however, and "[a]n implicit condition of every plea agreement is its acceptance by the trial court." *United States v. McGovern*, 822 F.2d 739, 743 (8th Cir. 1987). Unless an agreement requires pre-plea performance that could establish detrimental reliance, neither party is bound until the plea is accepted by the court. *United States v. Norris*, 486 F.3d 1045, 1049 (8th Cir. 2007) (en banc) (plurality opinion). Once the plea is accepted, however, both parties are bound by its terms. *See id.* at 1051. Defendants who unambiguously waive specific rights in a plea agreement are bound by those waivers. *United States v. Paton*, 535 F.3d 829, 835 (8th Cir. 2008).

Whatever Root's rights to the $3,752 were at its seizure, or its susceptibility to administrative forfeiture, the above-quoted term in the plea agreement is not ambiguous. Because Root unambiguously waived his claim to the $3,752, he was bound by that waiver when the plea agreement was accepted by the Court on May 26, 2022. Having waived his claim, Root cannot establish lawful entitlement to the $3,752, and his motion for its return must be denied.

IT IS SO ORDERED:

1) Defendant's motion for return of property, Filing No. 59, is denied.

2)  Defendant's motion for status, Filing No. 61, is denied as moot.

Dated this 30th day of January, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge